IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JANALDO TERRELL SCOTT,<br>#208 278, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) CIVIL ACTION NO.: 2:12-CV-446-WHA<br>) [WO] |
| WARDEN WILLIE THOMAS, *et al.*, | )<br>) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Janaldo Scott, on March 7, 2012.[1]  Petitioner challenges his conviction for murder, pursuant to his plea of guilty, entered against him by the Circuit Court for Butler County, Alabama, on January 24, 2006.  Petitioner is serving a sentence of life imprisonment.  Petitioner did not appeal his guilty plea or sentence.  *Doc. No. 15, Exhs. A1, A2, B1, B2*.

Petitioner presents the following claims in his petition:

1.  His guilty plea was coerced.

---

[1] The petition was originally filed in the United States District Court for the Southern District of Alabama on March 26, 2012, and subsequently transferred to and filed in this court on May 23, 2012. Although the transferring court directed Petitioner to file his petition on a § 2254 form and advised him the corrected petition would supersede the original petition, for purposes of determining the filing date of this action, the court utilizes the date from the original petition submitted by Petitioner which was signed by him on March 7, 2012. *See Doc. No. 1*. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Scott] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers March 7, 2012 as the date of filing.

1

2. Petitioner received ineffective assistance of counsel (trial counsel failed to properly advise Petitioner, failed to properly prepare a defense, failed to investigate, and represented Petitioner despite Petitioner's request to the trial court for replacement counsel).

3. The trial court lacked jurisdiction to render judgment or impose sentence.

*Doc. No. 4*.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. See 28 U.S.C. § 2244(d)(1). Respondents contend that because Petitioner's conviction became final in 2006- after the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Respondents acknowledge that Petitioner filed a Rule 32 petition with the trial court in February 2007. They maintain, however, that even allowing a tolling of the limitation period during the pendency of this Rule 32 petition, the limitation period expired prior to Petitioner filing the present federal habeas petition. *Doc. No. 15*, at 4-6. *See also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.); *Tinker v. Moore*, 255 F.3d 1331, 1333- 1335. n.4 (11th Cir. 2001).

Based on Respondents' answer, the court entered an order advising Petitioner he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Doc. No. 16*. The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. *Id*. Petitioner filed no response. Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## II.  DISCUSSION

*A.  The Federal Period of Limitation*

The Anti-Terrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed under 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired.    Petitioner entered a plea of guilty to  murder in the Circuit Court for Butler County, Alabama, on January 24, 2006.  On the same date, the trial court  sentenced Petitioner to life imprisonment for this crime.  Petitioner filed no direct appeal of his conviction or sentence.  Since Petitioner failed to undertake the direct appeal process, he could not petition the United

States Supreme Court for review of his conviction. By operation of law, Petitioner's conviction became final on March 8, 2006 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. See Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The one-year period of limitation in section 2244(d)(1)(A), therefore, began to run on this date.

### i. Statutory Tolling

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." The court finds that the limitation period ran for 354 days or eleven months and seventeen days after Petitioner's conviction became final until filing a Rule 32 petition in the Circuit Court for Butler County on February 25, 2007. This petition remained pending in the state courts until February 10, 2012, when the Alabama Supreme Court denied Petitioner's petition for writ of certiorari and the Alabama Court of Criminal Appeals entered a certificate of judgment. *Doc. No. 15, Exhs. C-E*. As of the aforementioned date, Petitioner had eleven days of the limitation period remaining within which to file a federal habeas petition. The court, therefore, concludes that the time allowed Petitioner for filing a federal habeas petition expired on February 22, 2012. Petitioner filed his federal habeas application on March 7, 2012, thirteen (13) days after the limitation period had expired.

### ii. Equitable Tolling

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002).  The diligence required is "reasonable diligence," not "maximum feasible diligence," *see Holland*, 560 U.S. at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, 163 F.3d 530 (9th Cir. 1998). Such tolling applies only in truly extraordinary circumstances.  *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient.");  *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Id.*; *see Helton v. Secretary  for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

5

On July 7, 2012, the court granted Petitioner twenty-one days to show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period prescribed by 28 U.S.C. § 2244(d)(1). Pursuant to his request, the court granted Petitioner an additional forty-five days to file a response. Petitioner did not do so. Consequently, the undersigned finds there is no basis on which to extend the one-year deadline and that Petitioner has not demonstrated that his claims should otherwise be subject to equitable tolling. *See Sandvik*, 177 F.3d at 1271 (tolling is appropriate where "extraordinary circumstances that are both beyond [Petitioner's] control and unavoidable even with diligence" exist).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petition for habeas corpus relief filed by Janaldo Scott be DENIED as it was not filed within the period of limitation established by applicable federal law; and

2.  This case be DISMISSED with prejudice.

It is further

ORDERED that **on or before April 8, 2015**, the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party  objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised this Recommendation is not a final and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court

except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done, this 23rd day of March 2015.


                                          /s/Terry F. Moorer
                                          TERRY F. MOORER
                                          UNITED STATES MAGISTRATE JUDGE